Susan Owen, Plaintiff-Appellee, v. Vic Tanny's Enterprises, a Corporation, Defendant-Appellant.

Gen. No. 49,254.

First District, First Division.

April 6, 1964.

Vogel & Vogel, of Chicago (David F. Holland, of counsel), for appellant.

Harry B. Davidson, of Maywood, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury action in which plaintiff, a member of defendant's gymnasium, sues to recover for injuries received while on defendant's premises. The answer relied on an exculpatory clause in the membership contract. A $2,000 verdict and judgment for plaintiff resulted. Defendant appeals from the denial of its motion for a judgment notwithstanding the verdict.

The facts are not in dispute. At the time of the occurrence, the defendant corporation was engaged in the business of providing gymnastic facilities for its members. On February 11, 1961, plaintiff used the facilities offered under the membership contract and slipped and fell as she left the defendant's swimming pool, suffering an injury to her right wrist. At the trial, plaintiff testified, "The floor was wet . . . some kind of stone floor, what they have in any shower room floor . . . . It just didn't have the roughness to it as the rest of the floor had." An employee of defendant testified that the "smooth spot" had been there for a period of time, and she "reported it to the management . . . . The management did nothing about it."

The determinative question is whether, under such circumstances, the exculpatory clause is a complete defense. It reads as follows:

"Member, in attending said gymnasiums and using the facilities and equipment therein, does so at his own risk. Tanny shall not be liable for any damages arising from personal injuries sustained by Member in, on or about the premises of any of the said gymnasiums. Member assumes full responsibility for any injuries or damages

345

which may occur to Member in, on or about the premises of said gymnasiums and he does hereby fully and forever release and discharge Tanny and all associated gymnasiums, their owners, employees and agents from any and all claims, demands, damages, rights of action, or causes of action, present or future, whether the same be known, anticipated or unanticipated, resulting from or arising out of the Member's use or intended use of the said gymnasium or the facilities and equipment thereof."

In Illinois, clauses that exculpate the landlord from the consequences of his negligence were sustained in residential as well as commercial leases in the absence of a statute voiding them. (O'Callaghan v. Waller & Beckwith Realty Co., 15 Ill2d 436, 155 NE2d 545 (1958); Jackson v. First Nat. Bank of Lake Forest, 415 Ill 453, 114 NE2d 721 (1953).) We believe the pronouncements in those cases, made in sustaining exculpatory clauses, apply here. Although the Illinois legislature enacted a statute (Ill Rev Stats 1959, c 80, § 15a) that such clauses in leases "shall be deemed to be void as against public policy and wholly unenforceable," we are not persuaded, as plaintiff argues, that the legislature intended to extend the provisions of the Act to any other type of contract. If exculpatory clauses in contracts for gymnastics and reducing activities were intended to be "deemed to be void as against public policy," the legislature would have so provided.

Plaintiff's principal contention is that an exculpatory clause will be strictly construed against the party whom it favors, and other terms of the instrument may be considered in weighing the parties' intent with regard to the clause. We agree with this statement. (Moss v. Hunding, 27 Ill App2d 189, 169 NE2d 396 (1960).) As there expressed (p 193), the rule of con-

struction to be applied here is that "an agreement protecting one from the consequences of his own negligence must be in clear and explicit language or expressed in unequivocal terms." We find no merit in plaintiff's contention that the clause refers only to injuries arising from the use of facilities which are not, in themselves, necessarily defective, or that it is not applicable where a portion of the building is defective. The mishap occurred in the shower room adjacent to the swimming pool, which we believe is within the provisions of the clause relating to "on or about the premises of said gymnasium" and "resulting from or arising out of the Member's use or intended use of the said gymnasium or the facilities and equipment thereof."

The New York case of Ciofalo v. Vic Tanney Gyms, Inc., 10 NY2d 294, 177 NE2d 925 (1961), is factually similar. The plaintiff fell at or near the edge of the swimming pool on defendant's premises and claimed that the fall was due to excessive slipperiness and lack of sufficient personnel. Defendant set forth the contract as an affirmative defense. The trial court granted a summary judgment for defendant and, in affirming the Court of Appeals, said (p 926):

> "The wording of the contract in the instant case expresses as clearly as language can the intention of the parties to completely insulate the defendant from liability for injuries sustained by plaintiff by reason of defendant's own negligence, and, in the face of the allegation of the complaint charging merely ordinary negligence, such agreement is valid.
>
> "Here there is no special legal relationship and no over-riding public interest which demand that this contract provision, voluntarily entered into by competent parties, should be rendered ineffectual. Defendant, a private corporation, was under

no obligation or legal duty to accept plaintiff as a 'member' or patron. Having consented to do so, it had the right to insist upon such terms as it deemed appropriate. Plaintiff, on the other hand, was not required to assent to unacceptable terms, or to give up a valuable legal right . . . ."

We believe the foregoing pronouncements in Ciofalo v. Vic Tanney Gyms, Inc., apply here. The scarcity of facilities for gymnastic and reducing activities hardly creates such a disparity of bargaining power that plaintiff is forced to accept such terms without alternatives. If the public interest is involved, it is for the legislature to make such pronouncements. Absent appropriate legislative action, we must hold that the instant exculpatory clause barred plaintiff's suit, and the court erred in not directing a verdict for the defendant and in denying defendant's motion for a judgment notwithstanding the verdict.

For the reasons stated, the judgment for plaintiff is hereby reversed and judgment is entered here for defendant.

Reversed and judgment here.

BURMAN and KLUCZYNSKI, JJ., concur.