CHARLES FRANKLIN GIMMESON, Plaintiff, *v.* ILLINOIS POWER COMPANY, Defendant-Third-Party-Plaintiff-Appellant—(WILLIAM A. POPE COMPANY, Third-Party-Defendant-Appellee.)

(No. 73-46;

Fifth District—April 19, 1974.

Burroughs, Simpson & Wilson, of Edwardsville, for appellant.

Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff Gimmeson in the original action obtained a jury verdict for $25,000 on a negligence theory from defendant Illinois Power Company. Illinois Power Company subsequently filed the present third-party action against Gimmeson's employer, William A. Pope and Company, seeking common-law indemnity. Third-party defendant moved to dismiss the complaint and the motion was granted. Third-party plaintiff-appellant, Illinois Power, appeals that order to this court. The case is appealed only on the pleadings, appellant seeking reversal of the dismissal and remandment for trial on the merits.

In the original action Illinois Power filed a third-party complaint against its contractor, Fruin-Colnon Construction Company. Fruin-Colnon then filed a fourth-party action against William A. Pope and Company, its contractor. Illinois Power and Pope and Company then moved to sever the third and fourth-party complaints, which motion was granted.

There were two counts in the original complaint against Illinois Power —one for negligently failing to provide a safe place to work and another for allegedly violating the Illinois State Structural Work Act. The defendant obtained a directed verdict on the Structural Work Act count. Thus, judgment was rendered against it on a finding of negligence.

The issue presented to this court is whether or not the trial court erred in dismissing the appellant's third-party complaint.

Appellee supports the trial court's ruling with two arguments, the major one being that the trial court found active negligence on the part of Illinois Power, thus precluding it from instituting a third-party action, and another being that appellant's delay of more than two years before filing a notice of appeal violates the philosophy of Supreme Court Rule 303 and that therefore appellant should be barred from contesting the ruling of the trial court.

We find little to support appellee's second contention. While this has been a prolonged case, the record shows that Illinois Power kept the matter alive by legitimate means. Although appellant, Illinois Power, could have appealed as early as January, 1970, by asking the court to reconsider its ruling, Illinois Power has followed a course which it was legally entitled to follow. The case cited by appellee, *Harris v. Sovereign Camp of the Woodmen of the World, Inc.,* 302 Ill.App. 310, *affirmed,* 374 Ill. 47, is not on point with regard to Rule 303 but merely states a general proposition.

■■ The general concept of indemnification in a case such as this is based on the distinction between active and passive negligence. One who was only passively negligent may be indemnified by one who was actively negligent. The appellee contends that Illinois Power cannot be indemnified because it was found guilty of active negligence in the original action.

The main issue in this case, therefore, is whether Illinois Power has been found guilty of active negligence by virtue of the judgment in the original action. If it has been found guilty of active negligence, the action is barred.

Since Pope and Co. was not a party to the original action, its conduct was not in issue. Since any negligence is sufficient to sustain a verdict against a defendant, Illinois Power may have been negligent only to a minor extent. Thus, it seems to be consistent with the verdict against Illinois Power to say that the negligence of Illinois Power could have been only very minor compared to the alleged negligence of Pope and Co. On the face of the appeal, therefore, it seems that the third-party action should not have been dismissed, but rather tried in order to permit a jury to determine whether the active-passive standards are present.

This is the position the appellant takes.

The appellee maintains, however, that Illinois Power has been found guilty of active negligence. The appellee contends this could be found from two sources—the allegations of the complaint in the original action and the evidence presented in the original action.

■■ There is some support for the proposition that active negligence can be found from a complaint in *Lindner v. Kelso Burnett Electric Co.* (1971), 133 Ill.App.2d 305, and *Burke v. Skyclimber, Inc.* (1973), 13 Ill.App.3d 498. *Lindner* involved the furnishing of a scaffold and *Burke* the construction of a scaffold. In both cases the court was careful to point out that simple failure to inspect may be described as passive, but the manufacturer or supplier of scaffolding may be the active tortfeasor. In both cases the court held there could be no idemnification because the third-party plaintiff's alleged conduct could only be characterized as active negligence. Can the same be said about the conduct of Illinois Power? We think not. From the pleadings and evidence in the original action the conduct of Illinois Power could well have been characterized as only passive negligence. Thus, if Illinois Power is able to show that it was passively negligent and Pope and Co. was actively negligent, it is entitled to indemnification. There must be a trial of the third-party action for that determination to be made. We do not believe this is a case in which the pleadings or the trial record prevent a finding that there may have been only passive negligence on the part of appellant. The element of control of the premises and piling which caused the original plaintiff's leg injury and which was the basis of the original action is critical. The relationship of Illinois Power and Pope and Co. and their respective duties with regard to the piling must be determined. It is conceivable that Pope and Co. will be found to have had a primary duty with respect to the condition of the premises and of that piling and Illinois Power a secondary duty. Since that finding would support indemnification, the third-party action should not have been dismissed. *Blaszak v. Union Tank Car. Co.*, 37 Ill.App.2d 12.

Appellant argues that the third-party defendant should be estopped from claiming that appellant was "actively negligent" because of a conflict of interest and dual representation of the parties. Representation of appellant in the original action by the attorney now representing the appellee was at the request of and with the approval of Illinois Power Co. We find nothing in the record to show that Illinois Power Co. was not adequately represented and, in view of the fact that we believe the issue of active or passive negligence must be tried on its merits, fail to find any prejudice to the appellant. Hence, we do not believe that ap-

pellee should be estopped from raising the issue of active negligence in a trial of the cause.

Accordingly, the order of the Circuit Court of Madison County dismissing the third-party complaint of Illinois Power Company against the third-party defendant, William A. Pope Company, is reversed and the cause is remanded for a trial on the merits.

Reversed and remanded.

EBERSPACHER and CREBS, JJ., concur.