ALDEN R. BURGDORFF, Plaintiff, *v.* INTERNATIONAL BUSINESS MACHINES *et al.*, Defendants and Third-Party Plaintiffs-Appellants.—(JOHN A. DANTICO, Third-Party Defendant-Appellee.)

First District (5th Division) No. 61780

Opinion filed December 23, 1975.

Pretzel, Stouffer, Nolan & Rooney, Chtd., of Chicago (Joseph B. Lederleitner, of counsel), for appellants.

Taylor, Miller, Magner, Sprowl and Hutchings, of Chicago (James J. Hoffnagle, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff sued defendants for personal injuries. Thereafter defendants, as third-party plaintiffs, brought an action for common-law indemnification against the third-party defendant. Their third-party complaint was dismissed, and they appeal, contending that the court erred in ruling that their complaint did not state a cause of action.

The following facts pertinent to this appeal are not in dispute.

On July 25, 1972, plaintiff was driving on the Stevenson Expressway. Defendant Albrecht, an employee of defendant International Business Machines (hereinafter I.B.M.) was also driving on the expressway and rammed the front of his car into the rear of plaintiff's car. At the time of the accident Albrecht was allegedly acting within the scope of his employment for I.B.M. Plaintiff sustained personal injuries and brought an action against Albrecht and I.B.M. as codefendants. Thereafter I.B.M. and Albrecht filed a third-party complaint for common-law indemnity against the third-party defendant, John A. Dantico, who was not a party to the original action, alleging that Dantico "cut in front of" plaintiff Burgdorff's vehicle, causing it to stop suddenly, and, as a further consequence, causing Albrecht's vehicle to strike Burgdorff's from the rear. The third-party plaintiffs then alleged that the third-party defendant's negligence was active and primary while theirs, if any, was only passive and secondary and that hence they were not actively and primarily liable for the injuries plaintiff sustained as a result of the accident.

The third-party defendant moved to dismiss the complaint for failure to state a cause of action. He alleged that the third-party plaintiffs were guilty as a matter of law of active negligence and could not, therefore, obtain indemnity because they had admitted in their complaint to having hit the rear of Burgdorff's vehicle. On this basis the trial court granted the third-party defendant's motion.

The only evidence before the court concerning the adequacy of the third-party plaintiffs' complaint was plaintiff Burgdorff's deposition.

*Alden R. Burgdorff*

He is a sales vice-president for a food ingredient company. At about 4 p.m. on the day of the accident, he was driving west on the Stevenson Expressway moving with the traffic at a speed of 35-40 miles per hour. The road surface was dry. The weather was clear. His car was in the far left lane at a point where the expressway has three westbound lanes, and he was maintaining an interval of three to five car lengths from the car ahead. Suddenly, a car later identified by its license plate as that of the third-party defendant pulled alongside Burgdorff's car and veered sharply from the middle lane into the far left lane, causing

Burgdorff to brake. The car had given directional signals, but Burgdorff did not see them until the car passed in front of him. Only two car lengths separated the front of his car from the rear of the third-party defendant's car when he applied his brakes, reducing his speed "con-, siderably." A few seconds later, the front of the third-party plaintiffs' car rammed into the rear of his car. He could not estimate his speed at the moment of impact.

OPINION

■■ The third-party plaintiffs' only contention on appeal is that their third-party complaint seeking indemnification was improperly dismissed for failure to state a cause of action. Illinois has long adhered to the rule that there can be no contribution among joint tortfeasors. (*Nelson v. Cook*, 17 Ill. 443.) The theory of implied indemnity has been developed judicially in order to attenuate the harsh effect which an inflexible application of this rule could produce. (*Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790.) Section 25(2) of the Civil Practice Act concerning third-party proceedings provides: "Nothing herein * * * creates any substantive right to contribution among tortfeasors * * * which has not heretofore existed." (Ill. Rev. Stat. 1969, ch. 110, par. 25(2).) In light of the rule against contribution among joint tortfeasors and the statutory restriction against judicial expansion of the contribution doctrine, the invocation of implied indemnity must be clearly justified by the facts of each case. *Carver v. Grossman*, 55 Ill.2d 507, 305 N.E.2d 161.

■■ Generally, a valid third-party complaint, to justify invocation of the remedy of implied indemnity, must show either a pre-existing relationship between the third-party plaintiff and the third-party defendant or a qualitative difference between the negligence of the two third parties. (*Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790; *Reynolds v. Illinois Bell Telephone Co.*, 51 Ill.App.2d 334, 201 N.E.2d 322.) In the instant case, the record fails to show any pre-existing relationship between the third-party plaintiffs and the third-party defendant upon which indemnity could be predicated. The third-party plaintiffs do allege, however, that there was a qualitative difference between their alleged negligence and that of the third-party defendant. Their allegation is based on the principle established in Illinois that one who is merely passively negligent is entitled to indemnification from one who is actively negligent. *Moody v. Chicago Transit Authority*, 17 Ill.App.3d 113, 307 N.E.2d 789.

The distinction between active and passive negligence is not susceptible of easy definition. The words "active" and "passive" are terms of art and must be applied in accordance with concepts formulated on

a case-by-case basis. They should not be construed in the popular sense of action and inaction. From a legal perspective, the distinction involves weighing the relative faults of each party. *Gulf, Mobil & Ohio R.R. Co. v. Arthur Dixon Transfer Co.*, 343 Ill.App. 148, 98 N.E.2d 783.

■■ Where indemnity has been allowed on an active-passive distinction, the conduct of the indemnitor has usually been characterized as the primary cause or active negligence while that of the indemnitee has been characterized as the secondary cause or passive negligence. (*Chicago & Illinois Midland Ry. Co. v. Evans Construction Co.*, 32 Ill.2d 600, 208 N.E.2d 573.) In order that the indemnitee's conduct be considered as only secondarily contributing to resulting injury, it must appear that he did not breach an affirmative duty owed to the plaintiff in the principal case. (*Warzynski v. Village of Dolton*, 23 Ill.App.3d 50, 317 N.E. 2d 694, *rev'd on other grounds*, 61 Ill.2d 475, 338 N.E.2d 25.) In the instant case, in order that the third-party plaintiffs' conduct be considered as only secondarily contributing to the resulting injury, it must appear that they did not breach an affirmative duty owed to the plaintiff in the original action.

■■ In this regard, the Illinois Vehicle Code provides:

> "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." (Ill. Rev. Stat. 1973, ch. 95½, par. 11—710(a).)

Implicit in the reasonableness of an interval between two cars is the duty of a driver to maintain an interval between his car and the car in front of him sufficient to allow him to stop safely if the driver of the car ahead must stop suddenly. In the instant case, plaintiff was forced to stop his car suddenly because of the allegedly abrupt movement of the third-party defendant's car into his lane. The third-party plaintiffs had a duty to maintain an interval between their car and that of plaintiff sufficient to allow them to stop safely if plaintiff had to stop suddenly. Since they admitted in their third-party complaint that the front of their car rammed into the rear of plaintiff's, they obviously breached that duty owed to him. Under these circumstances, their conduct cannot be considered as only secondarily causing the resulting injury to plaintiff, and they are not entitled to indemnity from the third-party defendant. Accordingly, their third-party complaint was properly dismissed by the trial court.

The order of the trial court is affirmed.

Affirmed.

BARRETT, P. J., and DRUCKER, J., concur.