MARILYN J. WILLIS, Plaintiff-Appellant, *v.* DONALD E. REUM, Defendant-Appellee.

Second District   No. 77-477

Opinion filed September 19, 1978.

Karl F. Winkler, of Paddock, McGreevy & Johnson, of Rockford, for appellant.

Mark W. Boswell and Robert K. Skolrood, both of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff was injured in an automobile accident occurring on October 21, 1974, when a vehicle in which she was riding was struck in the side by a vehicle operated by defendant. Plaintiff sustained injuries and a release and settlement of her claim was signed by her on November 25, 1975, slightly more than a year after the initial accident. In consideration for her release of "all claims or rights of action of every description, past, present, or future" plaintiff received $27,500 from defendant's insurance carrier.

In May 1976, subsequent to the time of settlement, plaintiff discontinued work and entered the hospital with pain in her left side. Diagnostic work indicated that she suffered from a herniated diaphragm which had been pierced by a portion of her colon. Corrective surgery followed and plaintiff suffered a wage loss as a result of her condition.

Subsequently plaintiff's counsel made demand upon defendant for additional settlement with respect to the subsequent treatment. Receiving no satisfaction suit was commenced. Defendant filed a motion to dismiss on the basis that plaintiff's claim to further recovery was barred by the release earlier entered into and, after hearing the evidence presented in support and in opposition to the motion to dismiss, the trial court granted the motion. This appeal followed.

Plaintiff submitted evidence at the hearing on the motion to dismiss that her medical and lost wage damages prior to the time of the initial settlement were approximately $10,000 and her additional damages from loss of wages and medical costs which accrued as a result of the second hospitalization were approximately $17,500. Plaintiff's trial attorney testified that had he known of the costs which arose with respect to plaintiff's diaphragm condition he would have evaluated the case at approximately $65,000 to $70,000 and would under no circumstances have recommended settlement for $27,500.

After reviewing the evidence the trial court found that the diaphragm condition was not known to plaintiff or defendant at the time of the signing of the release, that there was a mutual mistake of fact to that extent and that the newly discovered condition was caused by the automobile accident. It further found that the $27,500 consideration initially accepted by plaintiff was not unconscionable and granted defendant's motion to dismiss.

■▌ In Illinois the words of a release will not prevent inquiry into the circumstances to ascertain whether the release was fairly made and accurately reflected the intentions of the parties (*Florkiewicz v. Gonzalez* (1976), 38 Ill. App. 3d 115, 347 N.E.2d 401; *Ruggles v. Selby* (1960), 25 Ill. App. 2d 1, 165 N.E.2d 733) and releases of personal injury claims may be set aside when there is a mutual mistake of fact and the circumstances, when finally known, present unconscionable results. *Florkiewicz*; *Ruggles*; *Kiest v. Schrawder* (1978), 56 Ill. App. 3d 732, 372 N.E.2d 442.

The trial court concluded that there was a mutual mistake of fact by the parties with respect to the extent of plaintiff's injuries and, in fact, there seems to be little dispute but that the diaphragm condition of plaintiff was unknown to the parties at the time they entered into the settlement. The primary dispute on appeal is with respect to the trial court's conclusion that the release was not unconscionable under the circumstances. Among the factors bearing upon the unconscionability of the release have been: (1) the extent of time passage between the incidence of injury and the signing of the release (see, *e.g.*, *Florkiewicz* (less than a week's passage between time of accident and signing of a covenant not to sue); *Kiest* (where 3½-month period of passage between accident and signing of release was cited as indicating plaintiff did not sign a release under

pressure)); and (2) the amount of consideration for the release (see, *e.g.,* *Florkiewicz* (where $30 was stated to be inadequate compensation for a skull fracture); *Kiest* (where the majority deemed compensation of some $5,000 to $6,000 adequate consideration to sustain a release, but the dissenting opinion deemed the release inadequate on the basis that the consideration was less then the special damages incurred)).

■■ Applying the above authority to the case at hand, it is our view that the trial court correctly granted defendant's motion to dismiss, sustaining the validity of the release. While the law seeks to avoid unconscionable results, it is also the policy of the law to favor the compromise of claims. (*Ogren v. Graves* (1976), 39 Ill. App. 3d 620, 350 N.E.2d 249.) In the case at bar the release which plaintiff signed was obtained more than a year after the accident occurred and it was given by plaintiff after thorough inquiry into her medical condition and upon the advice of her experienced counsel. The consideration accepted by plaintiff was not grossly inadequate but was a substantial sum of money reasonably related to the damages then known to have been sustained by her. While it is likely that the release would not have been given had plaintiff then known of the later developing injury, neither can it be said the consideration for the release had no reasonable relationship to the total damages sustained by plaintiff. It is apparent that, with respect to the release, there was no overreaching on the part of defendant. Sanctioning as it does the compromise of claims and the termination of disputes, the law cannot permit the setting aside of the release in this case when such release shows clear contemplation of covering future claims or rights of action of plaintiff and its consideration was not grossly inadequate or in a nominal sum.

The judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.