HAZEL NEWBORN, Plaintiff-Appellee, *v.* GEORGE M. HOOD *et al.*, Defendants-Appellants.

Third District   No. 79-959

Opinion filed July 29, 1980.

Robert E. Nesemann and Duncan B. Cooper, III, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellants.

Gregg N. Grimsley and John A. Slevin, both of Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308), defendants were granted leave to appeal from an interlocutory order denying defendants' motion for judgment on the pleadings pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48). Plaintiff, Hazel Newborn, was injured in a motor vehicle collision in Peoria on September 15, 1977. The driver of the other vehicle was the defendant, George Hood. The plaintiff received medical treatment at the emergency room of St. Francis Hospital in Peoria and from Dr. Phillip Immesoete. Her injuries included a bruise of the upper right thigh, superficial abrasions of the right elbow, a large blood clot over the back of the skull on the right side and muscular skeletal injuries to her right arm, right shoulder, and neck.

Plaintiff hired an attorney, Gregg Grimsley, to represent her with regard to the collision. On January 17, 1978, Grimsley offered to settle the injury claim for $2,500. On March 14, 1978, Dr. Immesoete sent Grimsley a letter setting forth the nature of plaintiff's injuries. The letter stated that it was not unusual for muscular skeletal pain to persist for two months and made no mention of any heart problem. At that time plaintiff's medical bills totalled approximately $300. On March 17, 1978, Grimsley sent the report to Hood's insurance company along with a letter which said that, based on the report, plaintiff would settle the case of $1,200. On April 13, 1978, the plaintiff signed a release of all claims in favor of the defendants. Plaintiff was paid $1,200 in consideration for the release.

On September 15, 1978, plaintiff was admitted to St. Francis Hospital with chest pains and was discharged on September 26, 1978. She was re-admitted on October 3, 1978, when it was determined that she was suffering from "congestive heart failure in left bundle branch probably secondary to trauma." The treating physician, Dr. Zimmerman, later expressed the opinion that it most likely was caused by the auto accident. Plaintiff has since incurred additional medical bills of $8,227.77.

On February 8, 1979, plaintiff filed a complaint against the defendants. Defendants filed an answer and raised therein the affirmative defense that the plaintiff had previously executed a valid release which absolved them from all responsibility or liability on account of the September 15, 1977, accident. In response the plaintiff filed a reply admitting that plaintiff had executed a release but denying its validity on the ground that there had been a mutual mistake as to the nature and extent of the plaintiff's injuries. Defendants filed a motion for judgment on the pleadings on the basis that the release barred any civil action arising

out of the accident. Plaintiff filed a response and on November 27, 1979, the trial judge denied the motion, indicating that the basis for the decision was the fact that the release had been entered into under a mutual mistake of fact and was unconscionable. Presented for review on appeal are two issues: (1) May a court consider facts, unknown at the time the parties execute a release of all claims, in determining whether or not the release is unconscionable and based upon a mutual mistake of fact; and (2) Was there a mutual mistake of fact under the circumstances of this cause as to the nature and extent of the injuries incurred by the plaintiff such that the release should be set aside as being unconscionable. The following analysis presumes, for purposes of this appeal only, that defendant's liability is uncontroverted, an issue not reached prior to this appeal.

■■ The first issue we examine is whether or not the court may consider facts, unknown at the time the parties execute a release, in determining whether or not the release is based upon a mutual mistake of fact and is unconscionable. In order to set aside a release, the plaintiff has the burden of proving by clear and convincing evidence that there was a mutual mistake of material fact and that the result is unconscionable. We believe it is proper to consider the facts that occur subsequent to the execution of the release in determining the conscionability of the release and whether it was the result of a mutual mistake of fact. Numerous cases have considered the extent and nature of the injury as eventually manifested in determining conscionability and mutual mistake. (*E.g., Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 387 N.E.2d 878; *Willis v. Reum* (1978), 64 Ill. App. 3d 146, 381 N.E.2d 46; *Kiest v. Schrawder* (1978), 56 Ill. App. 3d 732, 372 N.E.2d 442; *Reede v. Treat* (1965), 62 Ill. App. 2d 120, 40 N.E.2d 833; *Ruggles v. Selby* (1960), 25 Ill. App. 2d 1, 165 N.E.2d 733.) "The modern trend is to set aside releases of personal injury claims in situations where the facts, when finally known, present an unconscionable result because of the equitable principle of doing justice under the circumstances of each case." (*Scherer v. Ravenswood Hospital Medical Center* (1979), 70 Ill. App. 3d 939, 942, 388 N.E.2d 1268.) Thus, it is clear that all the facts, including those which become known after the release has been executed, must be considered in determining whether there was a mutual mistake of fact and whether or not the settlement is unconscionable.

■■ We believe that after all the facts have been considered the trial court was correct in finding the release invalid on the grounds of mutual mistake and unconscionability. It is clear that there was a mutual mistake. It was stipulated that at the time of the settlement neither plaintiff nor defendant's insurance adjuster had any knowledge that plaintiff had suffered a trauma that would eventually cause her to suffer a heart attack and that plaintiff and her physician had acted reasonably and that because of the nature of the injury to the heart the effect may lie dormant for some

time. Plaintiff's attorney had originally requested a settlement of $2,500, but when notified by Dr. Immesoete that the injuries were minor, he forwarded the report to defendant's insurance agent, telling him that because the injuries were so minor, plaintiff would settle for $1,200. Therefore, it is clear that both sides considered plaintiff's injuries to be very minor. In view of the subsequent heart attack, this was a mutual mistake of material fact.

■ Thus we are brought to the question of whether or not the settlement was unconscionable. We believe it was. The plaintiff received $1,200 for settling the case. Due to the heart attack she incurred medical bills of $8,227.77. Thus, there is a disparity of over $7,000 between the settlement and her medical bills alone. Plaintiff also has lost wages of at least $7,200. Under such circumstances we believe that a settlement for $1,200 would be unconscionable.

Because there was a mutual mistake of material fact which resulted in an unconscionable agreement, the judgment of the circuit court of Peoria County setting aside the release is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.