DAVID LOHMAN, Plaintiff, v. DALE MORRIS, Defendant (Dale Morris, Third-Party Plaintiff-Appellant; Peoria Speedway, Inc., *et al.*, Third-Party Defendants-Appellees).

Third District   No. 3—86—0058

Opinion filed August 21, 1986.

Phillip H. Palmer, of Richard D. Price, Jr. & Associates, Ltd., of Peoria, for appellant.

Rex K. Linder and Edward T. Habecker, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Third-party plaintiff-appellant, Dale Morris, appeals from an interlocutory order entered by the circuit court of Peoria County on November 1, 1985, which granted third-party defendants-appellees' (hereinafter referred to as Peoria Speedway) motion to dismiss an amended third-party complaint with prejudice.

The underlying facts which gave rise to this appeal are as follow. In October 1976, plaintiff Lohman was struck by a racing vehicle driven by the third-party plaintiff-appellant, Morris. Lohman was removing debris from the racetrack at Peoria Speedway in Peoria County when he was struck by Morris' vehicle. Prior to the accident, Lohman and Morris executed a document releasing Peoria Speedway from "any and all claims and liability" arising out of their activities at the Peoria Speedway Racetrack. Peoria Speedway required the release be signed and an entrance fee be paid by all racing participants as a condition precedent to gaining entry to the racetrack's restricted race area. Lohman participated in the racetrack activities as a pit

crew member and Morris participated as a racecar driver. The release reads in pertinent part:

"I *** DO HEREBY:

1. RELEASE, DISCHARGE AND COVENANT NOT TO SUE the track operators, track owners, land owners, racing association, and each of them, their officers agents and employees (all hereinafter collectively referred to as "releasees") from any and all claims and liability arising out of strict liability or ordinary negligence of releasees or any other participant which causes the undersigned injury, death, damages or property damage. I hereby covenant to hold releasees harmless and indemnify releasees for any claim, judgment or expense releasees may incur arising out of my activities or presence in the restricted area.

2. UNDERSTAND that my entry into the restricted area and/or participation in racing events contains DANGER AND RISK OF INJURY OR DEATH, that conditions of the racing surface change from time to time and may become more hazardous, and that there is INHERENT DANGER in racing which I appreciate and voluntarily assume, because I choose to do so. I have observed many races of the type that I seek to participate in, I have inspected the racing surface, access roads, shoulders, equipment, barriers or lack thereof, lighting or lack thereof, and the weather conditions. I further know that other contestants and participants pose a danger to me, nevertheless, I VOLUNTARILY ELECT TO ACCEPT ALL RISKS connected with my entry into the restricted area and/or participation in any racing events.

3. *** I am not an agent, servant or employee of releasees and no oral representations or inducements have been made to me to sign this agreement ***."

Lohman instituted a negligence action against Peoria Speedway in 1978 which was dismissed with prejudice on the basis of the release executed by Lohman prior to the accident. The dismissal was appealed to this court and was subsequently dismissed on the court's own motion and no further action has been taken with regard to that dismissal or appeal.

Morris requests reversal of the trial court's order contending that the exculpatory release should be held invalid because it was executed under a mutual mistake of fact and not according to the parties' intentions. Further, Morris maintains that the issue of whether the parties were operating under a mutual mistake of fact in regard to the

release is one for the trier of fact to determine.

■ Our courts have upheld consistently the validity of exculpatory releases which specifically attempt to protect raceway owners and operators from future liabilities when they are executed by raceway drivers and participants prior to having entered a restricted raceway area. These exculpatory releases have been held to be an effective bar to liability where an injured driver or participant has brought suit against the raceway owner and operator. *Schlessman v. Henson* (1980), 83 Ill. 2d 82, 413 N.E.2d 1252; *Rudolph v. Sante Fe Park Enterprises, Inc.* (1984), 122 Ill. App. 3d 372, 461 N.E.2d 622; *Sexton v. Southwestern Auto Racing Association, Inc.* (1979), 75 Ill. App. 3d 338, 394 N.E.2d 49; *Scheff v. Homestretch, Inc.* (1978), 60 Ill. App. 3d 424, 377 N.E.2d 305; *Morrow v. Auto Championship Racing Association, Inc.* (1972), 8 Ill. App. 3d 682, 291 N.E.2d 30.

■ ■ As a general rule, exculpatory contracts are valid as long as they are not violative of public policy or there does not exist a unique relationship between the parties which militates against enforcement of the agreement such as the common carrier-passenger or employer-employee relationship. (*O'Callaghan v. Waller & Beckwith Realty Co.* (1959), 15 Ill. 2d 436, 155 N.E.2d 545.) Unlike legislatively enacted statutes which void, as against public policy, exculpatory clauses in leases involving real property (Ill. Rev. Stat. 1985, ch. 80, par. 91), construction contracts (Ill. Rev. Stat. 1985, ch. 29, par. 61) and bailment agreements (Ill. Rev. Stat. 1985, ch. 26, par. 7—204), exculpatory clauses in contracts as found in the instant case have not been expressly prohibited by statute. Our courts have declined to find exculpatory clauses *per se* to be violative of public policy and have affirmed the right of parties to freely contract about their own affairs in regard to relieving themselves from the consequences of their own negligence. *Morrow v. Auto Championship Racing Association, Inc.* (1972), 8 Ill. App. 3d 682, 291 N.E.2d 30; *Erickson v. Wagon Wheel Enterprises, Inc.* (1968), 101 Ill. App. 2d 296, 242 N.E.2d 622; *Owen v. Vic Tanny's Enterprises* (1964), 48 Ill. App. 2d 344, 199 N.E.2d 280; *Simmons v. Columbus Venetian Stevens Buildings, Inc.* (1958), 20 Ill. App. 2d 1, 155 N.E.2d 372; *McClure Engineering Associates, Inc. v. Reuben Donnelley Corp.* (1981), 101 Ill. App. 3d 1109, 428 N.E.2d 1151, *aff'd* (1983), 95 Ill. 2d 68, 447 N.E.2d 400.

■ In interpreting whether a contractual indemnity clause protects a party against its own negligence, the trial court must apply the "rule of interpretation which requires that the agreement be given a fair and reasonable interpretation based upon a consideration of all its language and provisions." (*Tatar v. Maxon Construction Co.*

(1973), 54 Ill. 2d 64, 67, 294 N.E.2d 273, 274.) It is within the province of the trial court to determine, as a matter of law, that a release was not unconscionable or executed under a mutual mistake of fact. *Willis v. Reum* (1978), 64 Ill. App. 3d 146, 381 N.E.2d 46.

■ In the instant case, the language of the exculpatory release entered into by Lohman and Morris clearly states that the parties release Peoria Speedway and its employees from "any and all claims and liability." The trial court's interpretation of this contract that it encompasses liabilities occasioned by one's own negligence, as well as those arising from a third-party claim for indemnity, we hold to be reasonable and fair. The contract's language is clear and unequivocal and must be given effect. (*Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.* (1946), 395 Ill. 429, 70 N.E.2d 604.) We therefore affirm the trial court's dismissal with prejudice of the amended third-party complaint based upon the exculpatory contract executed by Lohman and Morris.

Morris contends secondly that the trial court improperly dismissed with prejudice his complaint on the basis that he was not entitled to indemnity for damages which might be awarded Lohman. To invoke the remedy of implied indemnity, Morris must establish either a pre-existing legal relationship between himself and Peoria Speedway, or a qualitative difference between his negligence and the negligence, if any, of Peoria Speedway. *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d 790; *Stach v. Sears, Roebuck & Co.* (1981), 102 Ill. App. 3d 397, 429 N.E.2d 1242; *Burgdorff v. International Business Machines* (1975), 35 Ill. App. 3d 192, 341 N.E.2d 122.

■ Morris maintains he was a business invitee of Peoria Speedway. The status of business invitee is not a relationship which gives rise to a legal duty to indemnify such as in relationships involving vicarious liability, *e.g.,* lessor-lessee, employer-employee, owner-lessee and master-servant. (*Morizzo v. Laverdure* (1984), 127 Ill. App. 3d 767, 469 N.E.2d 653.) Morris, in the alternative, need therefore establish the existence of a qualitative difference between his alleged negligence and that of Peoria Speedway based on the principle that the passively negligent party is entitled to indemnification from the party that is actively negligent and thus the primary cause of the plaintiff's injuries. (*Sears v. Kois Brothers Equipment, Inc.* (1982), 110 Ill. App. 3d 884, 443 N.E.2d 214; *Burgdorff v. International Business Machines* (1975), 35 Ill. App. 3d 192, 341 N.E.2d 122.

■ If a party's conduct is to be considered passive, or contributing only secondarily to a plaintiff's injury, an affirmative duty owing to the plaintiff must not have been breached. (*Donaldson v. Holy*

*Family Hospital* (1981), 94 Ill. App. 3d 285, 418 N.E.2d 873; *Peterson v. Tam O'Shanter Racquet Club, Inc.* (1980), 90 Ill. App. 3d 1029, 414 N.E.2d 181.) Where the party seeking indemnity is actively negligent, despite active negligence on the part of the alleged second tortfeasor, indemnity will not be granted. *Hanson v. Cresco Lines, Inc.* (1978), 57 Ill. App. 3d 168, 372 N.E.2d 936.

■ Morris contends that the issue of whether he and Peoria Speedway were actively or passively negligent should have been submitted to a jury for resolution. It is not necessary, however, that this question be submitted to a jury where the evidence and pleadings presented to the trial court in the underlying action disclose clearly that a party's conduct can only be characterized as active negligence. *MFA Mutual Insurance Co. v. Crowther, Inc.* (1983), 120 Ill. App. 3d 387, 458 N.E.2d 71; *Gimmeson v. Illinois Power Co.* (1974), 18 Ill. App. 3d 736, 310 N.E.2d 397; *Lindner v. Kelso Burnett Electric Co.* (1971), 133 Ill. App. 2d 305, 273 N.E.2d 196.

■ A review of the pleadings presented in the underlying cause of action reveals that Lohman alleges active negligence by Morris resulting in Morris' vehicle striking Lohman. Morris in his third-party complaint admits to striking Lohman while he was in control of his racing vehicle. Lohman's allegations, when compared with Morris' allegations against Peoria Speedway, lead to the reasonable conclusion that Peoria Speedway's negligence may be characterized as passive.

Given the pleadings and evidence available to the trial court for its consideration, we find no error in the trial court's dismissal of Morris' complaint for indemnity against Peoria Speedway with prejudice because, as a matter of law, Morris' conduct may be more aptly characterized as active negligence. Based on the foregoing, we hold that Morris is not entitled to indemnity from Peoria Speedway for any damages which might be awarded Lohman in the original and underlying cause of action.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.