RONALD K. HARRIS, JR., Plaintiff-Appellant, v. AL WALKER, d/b/a Ky-Wa Acres, Defendant-Appellee.

Third District    No. 3—85—0234

Opinion filed February 17, 1987.

HEIPLE, P.J., specially concurring.
SCOTT, J., dissenting.

Anthony C. Raccuglia & Associates, of Peru (Louis L. Bertrand, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Gary S. Schwab, of counsel), for appellee.

JUSTICE BARRY delivered the judgment of the court:

Plaintiff, Ronald K. Harris, Jr., filed a two-count personal injury action in the circuit court of Bureau County to recover for injuries sustained in a fall from a horse which he rented from a riding stable, known as Ky-Wa Acres, and operated by the defendant, Al Walker. Count I of plaintiff's amended complaint sought recovery based upon the statutory remedy provided in section 16 of the Animal Control

Act (Act) (Ill. Rev. Stat. 1983, ch. 8, par. 366). Count II of the complaint was based on common law negligence.

When the horse was rented, the plaintiff signed a document which purported to release Ky-Wa Acres and its employees from *any* injuries which the plaintiff might incur while on the premises or for any injury which might result from horseback riding. The plaintiff does not deny that he read and fully understood the terms of the document.

The defendant filed a motion for summary judgment predicated upon the foregoing release. The trial court granted summary judgment, and this appeal ensued.

The plaintiff claims that the release, or exculpatory contract, executed by him violates the settled public policy of this State declared by the Animal Control Act and is, therefore, not a bar to his claim for compensation for injuries sustained due to defendant's negligence. It is the plaintiff's contention that the legislature, by enactment of section 16 of the Act (Ill. Rev. Stat. 1983, ch. 8, par. 366), declared it to be the public policy of the State to hold owners of animals liable for injuries caused by such animals and that his complaint stated a valid cause of action.

The statute in question states:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." Ill. Rev. Stat. 1983, ch. 8, par. 366.

This legislative declaration has been recognized to include liability for horseback-riding injuries. (*Chittum v. Evanston Fuel & Material Co.* (1980), 92 Ill. App. 3d 188, 416 N.E.2d 5.) Notably, *Chittum* is a case of injury caused by a horse without any conduct that could be characterized as an "attack." Other Illinois appellate opinions have made clear that the statutory liability is not absolute—*i.e.*, not strict liability—but qualified. *Vanderlei v. Heideman* (1980), 83 Ill. App. 3d 158, 403 N.E.2d 756; *Nelson v. Lewis* (1976), 36 Ill. App. 3d 130, 344 N.E.2d 268.

In the instant case, plaintiff alleged that the injury was caused by an animal owned or harbored, that there was a lack of provocation by plaintiff, that plaintiff was peaceably conducting himself, and that he was in a place where he had a legal right to be. Plaintiff clearly pleaded the four necessary elements of his statutory cause of action. *Chittum v. Evanston Fuel & Material Co.* (1980), 92 Ill. App. 3d 188, 416 N.E.2d 5; *Nelson v. Lewis* (1976), 36 Ill. App. 3d

130, 344 N.E.2d 268.

*Owen v. Vic Tanny's Enterprises* (1964), 48 Ill. App. 2d 344, 199 N.E.2d 280, 8 A.L.R.3d 1388, provides further guidance for our disposition of this appeal. In the *Vic Tanny* case, plaintiff, a member of defendant's gymnasium, was injured when she slipped and fell in a shower room. The appellate court held that her suit was barred by an exculpatory clause in the membership contract and found no overriding public interest that should render the exculpatory clause ineffectual. The court said:

> "If the public interest is involved, it is for the legislature to make such pronouncements. Absent appropriate legislative action, we must hold that the instant exculpatory clause barred plaintiff's suit ***." 48 Ill. App. 2d 344, 348, 199 N.E.2d 280, 282, 8 A.L.R.3d 1388, 1391. See also *Lohman v. Morris* (1986), 146 Ill. App. 3d 457, 497 N.E.2d 143.

■ By contrast to *Vic Tanny*, in the instant case there has been appropriate legislative action. Clearly then we are confronted with conflicting policies—an exculpatory clause that normally is given effect as a proper exercise of freedom of competent parties to contract and a strong public policy of protecting persons from injury by animals which militates against recognition of the exculpatory clause. It seems obvious that, while the legislature meant to eliminate as much as possible any inquiry into subjective considerations of the injured's intent, the legislature did not intend to eliminate inquiry into whether an animal might be diseased, whether a dangerous propensity was undisclosed, whether the horse was properly saddled, whether there was any attempt to match the rider with the horse, etc. We further note that the legislation at issue contains no business purpose limitation. In our opinion, this expresses our State's public policy and that such public policy should control under these facts as a recognized exception to the right to contract. See *Lohman v. Morris* (1986), 146 Ill. App. 3d 457, 497 N.E.2d 143.

Guided by the precedents of *Chittum, Vanderlei,* and *Nelson,* all of which were tried before a fact finder, we hold that the instant case should be remanded for trial to determine whether the defendant violated any duty owed to the plaintiff.

Reversed and remanded.

PRESIDING JUSTICE HEIPLE, specially concurring:

I concur in Justice Barry's decision to reverse and remand but for an altogether different reason.

The plaintiff's appellate argument, which is grounded in the so-called dangerous-animal statute, is misplaced. The horse in this case did not, after all, bite or otherwise attack the plaintiff. In simple language, that is what the statute is all about. Ill. Rev. Stat. 1983, ch. 8, par. 366.

Plaintiff rented a horse from a riding stable. As part and parcel of the rental transaction, plaintiff signed an up-front release to excuse the defendant stable owner from any liability if the plaintiff fell off the horse. Plaintiff then fell off the horse and sued the defendant stable owner. Defendant filed a motion for summary judgment based on the release. Summary judgment was granted in favor of the defendant and the plaintiff appealed.

Reference to the complaint discloses that the plaintiff pleaded that the plaintiff was injured because although defendant knew or in the exercise of ordinary care should have known that the rental horse in question had a propensity to become "sideshocked," thereby creating an unreasonably dangerous condition to the person riding the horse, defendant nonetheless failed to warn the plaintiff.

That is, in essence, an allegation of fraud. It is an allegation of concealment of a hidden material defect. As such, if proven, it is sufficient to vitiate what would otherwise be a valid release. *Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574. See also *Ainsworth Corp. v. Cenco, Inc.* (1982), 107 Ill. App. 3d 435 (fraud in the inducement vitiates all contracts); *Rudolph v. Santa Fe Park Enterprises, Inc.* (1984), 122 Ill. App. 3d 372 (a release may be set aside if there is fraud).

Although inartfully drafted, I believe that the complaint sets forth a sufficient claim and a sufficient justification for abrogation of the release.

Accordingly, and for that reason, the summary judgment entered in this case should be reversed and the cause remanded for trial.

JUSTICE SCOTT, dissenting:

The plaintiff in his brief specifically states that "[he] does not dispute the fact that as a general rule exculpatory contracts are validly enforceable contracts and do generally insulate a party from liability. There exists in this case, however, a distinction ***. The distinction is that in the previously decided cases the cause of action asserted was a common law negligence claim. Here we are dealing not with a common law claim, but with a cause of action created by the Illinois Legislature and imposed pursuant to a validly enacted statute."

The plaintiff specifically pinpoints the issue in this appeal as to

whether the release or exculpatory contract executed by him violates the settled public policy of the statute and is therefore not a bar to the plaintiff's claim for compensation for injuries sustained due to defendant's negligence. It is plaintiff's contention that the legislature, by enactment of section 16 (Ill. Rev. Stat. 1983, ch. 8, par. 366) declared it to be public policy to hold owners of animals to be liable for injuries caused by such animals.

The plaintiff is correct when he designated this case as one of first impression. The statute in question states as follows:

"Sec. 16. If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of injury sustained." Ill. Rev. Stat. 1983, ch. 8, par. 366.

While factually different, I nevertheless deem the case of *Vanderlei v. Heideman* (1980), 83 Ill. App. 3d 158, 403 N.E.2d 756, to be of considerable importance in interpreting the statute in question. In *Vanderlei* the plaintiff was injured by a horse and he argued that he should be allowed recovery since the language of the statute is absolute except for the defenses set forth in its language. He argued that the legislature clearly intended to abolish any other defense. The appellate court, second district, held that it could not conclude that the legislature intended to abolish all common law defenses other than provocation by one peaceably and lawfully on the premises. The court concluded:

"To preclude a common law defense such as assumption of risks would, in practical effect, impose strict liability without a factual and reasonable basis 'other than as a pure penalty for [horse] ownership.' (*Bailey v. Bly* (1967), 87 Ill. App. 2d 259, 262.) Nothing in the language of the statute or in the history of the legislation makes it appear that the intent of the statute is to impose strict liability and to abolish the defense of assumption of risk." 83 Ill. App. 3d 158, 161-62, 403 N.E.2d 756, 758.

Neither party to this appeal cites a case, nor do we know of one, which discusses the enforcement of exculpatory contracts in relation to the statute. However, in the light of the discussion set forth in *Vanderlei*, the statute does not appear to be intended to protect the person who voluntarily encounters a known risk and agrees in writing to assume the risk.

For the foregoing reasons I differ with the reasoning and result reached by my colleagues.