CAROLYN LEE SIMMONS, Plaintiff-Appellant, v. RAYMOND K. BLAUW, Defendant-Appellee.

First District (6th Division)   No. 1—93—1053

Opinion filed May 6, 1994.

James Paul Costello, Ltd., of Chicago (James P. Costello and Gregory A. Braun, of counsel), for appellant.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (Michael W. Drumke, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff brought this action seeking recovery for personal injuries allegedly sustained as a result of the negligent conduct of defendant. The trial court dismissed the cause, finding that plaintiff had relinquished the right to proceed against defendant when she entered into a settlement and executed a release of the claim. Plaintiff appeals the dismissal of her complaint, contending that the settlement and release were invalid because they were predicated upon a mutual mistake of fact as to the nature and extent of plaintiff's injuries.

The record reveals that plaintiff was involved in an automobile collision on August 24, 1990, when the vehicle driven by defendant struck the rear of plaintiff's vehicle. After the accident, plaintiff consulted her family doctor, Dr. Bryce Palchick. Palchick began treating plaintiff for a muscular strain in her back on August 29, 1990, five days after the accident. During the course of his treatment over the next three months, Palchick did not diagnose or discover a herniated disc in plaintiff's back. While under Palchick's care, plaintiff was treated with anti-inflammatory medication, muscle relaxants and physical therapy. Plaintiff also underwent physical therapy three times per week from September 24, 1990, to November 16, 1990.

On November 19, 1990, Palchick released plaintiff from his care for the injuries sustained in the automobile accident. Palchick saw plaintiff for unrelated medical problems on two separate occasions, December 20, 1990, and February 6, 1991, before she settled her claim.

On March 25, 1991, plaintiff executed the release discharging de-

fendant for any claims arising out of the automobile accident. In consideration for the release, plaintiff received $5,082, three times the amount of her medical expenses and lost wages, which totalled $1,693.73.

On May 6, 1991, plaintiff began to experience pain in her neck and left shoulder, but the pain subsided in the following weeks. On May 26, 1991, plaintiff experienced numbness in her arm, and she consulted Palchick approximately four weeks later on June 21, 1991. After an EMG examination, plaintiff was admitted to the hospital for spinal surgery.

In her affidavit filed in opposition to defendant's motion to dismiss, plaintiff asserted that when she signed the release, she believed that her injuries resulting from the automobile accident were healed and would not require further medical treatment. Plaintiff also asserted that after the surgery, her medical bills were over $15,000, and she had been unable to work for over two months.

Palchick asserted in his affidavit that he believed the trauma plaintiff received in the August 24, 1990, automobile accident was "correctly related" to the herniated disc for which she required surgery.

Plaintiff had retained an attorney, Joseph Dowd, to represent her in the negotiations for settlement of her claim against defendant. Dowd began settlement negotiations approximately one month prior to the execution of the release on March 25, 1991. In his affidavit, Dowd averred that he and "defendant's insurer" believed that plaintiff's injuries were "muscular in nature, non-permanent and that her condition had satisfactorily improved." Dowd also averred that soft-tissue injuries resulting from automobile accidents were typically settled for triple the amount of the plaintiff's special damages.

Plaintiff filed suit against defendant on April 30, 1992. The defendant moved to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619), based upon the settlement and release. In opposing defendant's motion, plaintiff asserted that the release had been executed under a mutual mistake of fact as to the nature and extent of her injuries. In support of this assertion, plaintiff filed her own affidavit along with that of Dowd and Palchick.

The trial court granted defendant's motion and dismissed the complaint. In entering this ruling, the trial judge relied upon the decision in *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 472 N.E.2d 791, and declined to follow the reasoning employed in *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 387 N.E.2d 878, which had been cited by plaintiff's counsel.

Plaintiff subsequently filed a motion for reconsideration which was denied by the trial court, and plaintiff has appealed.

On appeal, plaintiff asserts that the trial court erred in dismissing her complaint based upon the settlement and release executed by her. In support of this assertion, plaintiff contends that the settlement and release should have been set aside where they resulted from a mutual mistake of fact.

A release is a contract and is to be construed under traditional contract law. (*Farm Credit Bank v. Whitlock* (1991), 144 Ill. 2d 440, 447, 581 N.E.2d 664.) The intention of the parties to the contract must be determined from the instrument itself, and where no ambiguity exists, construction of the instrument is a matter of law. (*Farm Credit Bank*, 144 Ill. 2d at 447.) Ambiguity will be found where a contract is capable of being understood in more than one way. (*Farm Credit Bank*, 144 Ill. 2d at 447.) Where a court finds that a contract is ambiguous, its construction is then a question of fact, and parol evidence is admissible to explain and ascertain what the parties intended. (*Farm Credit Bank*, 144 Ill. 2d at 447.) Where a written agreement is clear and explicit, a court must enforce the agreement as written. (*Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 323, 472 N.E.2d 791.) Where there is no ambiguity, the meaning of the instrument and the intention of the parties must be gathered from the face of the document without the assistance of parol evidence or any other extrinsic aids. *Rakowski*, 104 Ill. 2d at 323.

■ A release may be avoided, however, where it was obtained through fraud, duress, illegality, or mistake. (*Frank Rosenberg, Inc. v. Carson Pirie Scott & Co.* (1963), 28 Ill. 2d 573, 579, 192 N.E.2d 823.) A unilateral or self-induced mistake is not sufficient to void a clear and unambiguous release. (*Rakowski*, 104 Ill. 2d at 324.) The mistake of fact must be mutual, material to the transaction, and affect its substance. *Rakowski*, 104 Ill. 2d at 324.

A release is the abandonment of a claim to the person against whom the claim exists. (*McComb v. Seestadt* (1981), 93 Ill. App. 3d 705, 706, 417 N.E.2d 705.) Once the defendant establishes the existence of a release, legal and binding on its face, the burden shifts to the plaintiff to prove it invalid by clear and convincing evidence. *McComb*, 93 Ill. App. 3d at 706; *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 111, 387 N.E.2d 878.

■ Yet, cases which have determined the validity of releases based on a mistake of fact with respect to the nature and extent of the plaintiff's injuries have been treated *sui generis*, and the rules governing releases from liability for nonpersonal injury torts or breaches of contracts do not apply. (*Meyer*, 70 Ill. App. 3d at 111.) In

such cases, releases have been voided where there appears to be a mutual mistake as to the nature and extent of the injury sustained and where enforcement of the release produces an unconscionable result in light of the facts as they are finally determined. See *Newborn v. Hood* (1980), 86 Ill. App. 3d 784, 408 N.E.2d 474; *Scherer v. Ravenswood Hospital Medical Center* (1979), 70 Ill. App. 3d 939, 388 N.E.2d 1268; *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 387 N.E.2d 878; *Florkiewicz v. Gonzalez* (1976), 38 Ill. App. 3d 115, 347 N.E.2d 401; *Welsh v. Centa* (1966), 75 Ill. App. 2d 305, 221 N.E.2d 106; *Reede v. Treat* (1965), 62 Ill. App. 2d 120, 210 N.E.2d 833; *Ruggles v. Selby* (1960), 25 Ill. App. 2d 1, 165 N.E.2d 733; *Clancy v. Pacenti* (1957), 15 Ill. App. 2d 171, 145 N.E.2d 802.

■ A unilateral or self-induced mistake as to the nature and extent of the plaintiff's injuries is insufficient to void a clear and unambiguous release, and the mistake of fact must be mutual, material to the transaction, and affect its substance. (*Meyer*, 70 Ill. App. 3d at 111-12; *Florkiewicz*, 38 Ill. App. 3d at 120.) In assessing whether a mutual mistake of fact existed, courts will examine whether (1) the parties believed the plaintiff had recovered at the time of the release, (2) the condition was one which ordinary X rays and customary examination did not reveal, and (3) the evidence justified the conclusion that the plaintiff acted with reasonable diligence in ascertaining the extent of injury. *Schultheis v. McWilliams Electric Co.* (1991), 219 Ill. App. 3d 571, 578, 579 N.E.2d 1100, quoting *Scherer v. Ravenswood Hospital Medical Center* (1979), 70 Ill. App. 3d 939, 942, 388 N.E.2d 1268.

■ The release signed by plaintiff in the instant case provided that, in consideration for $5,082, plaintiff released defendant from all claims for "all injuries, known and unknown, *** which [had] resulted or may in the future develop from [the] accident" on August 24, 1990. In addition, the release provided that it had been completely read, fully understood, and voluntarily accepted for the purpose of making a full and final compromise and settlement of any and all claims arising from the accident of August 24, 1990, and for the express purpose of precluding any further or additional claims arising out of the accident. The language in this release was comprehensive, precise, and unambiguous.

The record in the instant case does not reflect that both parties believed the plaintiff had recovered at the time of the release. At most, the affidavits submitted by plaintiff indicated that she, her physician, and her attorney had a mistaken belief as to the nature and extent of her injuries at the time the release was executed. Aside from conclusory assertions in the affidavit of plaintiff's attorney,

there is no evidence that defendant or the representative of his insurer believed that plaintiff would not suffer further injuries as a result of the accident. *Cf. Newborn*, 86 Ill. App. 3d at 786 (both parties considered plaintiff's injuries to be very minor and stipulated that defendant's insurance adjuster did not know that plaintiff had suffered a trauma that would eventually cause her to suffer a heart attack); *Reede*, 62 Ill. App. 2d at 124 (defendant's insurance adjuster stated that he believed plaintiff's injuries were minor).

Although plaintiff did not know when she executed the release that she would require surgery for a herniated disc, this can only be characterized as a unilateral mistake on her part. (See *Bruner v. Illinois Central R.R. Co.* (1991), 219 Ill. App. 3d 177, 180, 578 N.E.2d 1385; *McComb*, 93 Ill. App. 3d at 707.) It has been held that where an injured party, conscious of the possibility of future consequences from the injury, makes her own investigation as to the nature of her injuries and the prospect of future complications, and, relying on the diagnosis and prognosis of her own doctor, compromises her claim and executes a release without reservation, she is bound thereby. (*DeMarie v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1979), 79 Ill. App. 3d 50, 54, 398 N.E.2d 248; *Welsh*, 75 Ill. App. 2d at 313-14.) The possibility that plaintiff might suffer from other injuries later as a result of the accident was specifically contemplated and provided for in the release by the use of the phrase "all injuries, known and unknown, which had resulted, or may in the future develop." There is no basis for plaintiff's assertion that the release was executed under a mutual mistake of fact.

In addition, the record does not affirmatively establish that the plaintiff's herniated disc could not have been discovered through customary examination. Rather, the affidavit of Palchick asserts that he "did not entertain this diagnosis [of a herniated disc] because of the initial clinical improvement." Moreover, we do not believe that the settlement agreed to by plaintiff can be characterized as unconscionable.

Plaintiff had ample time to seek medical treatment and to consult an attorney to determine her possible legal remedies. (See *McComb*, 93 Ill. App. 3d at 708; *DeMarie*, 79 Ill. App. 3d at 55.) There is no indication in the record that plaintiff was pressured or improperly induced to settle her claim prematurely. (*Kiest v. Schrawder* (1978), 56 Ill. App. 3d 732, 736, 372 N.E.2d 442.) In consideration for the release, plaintiff received $5,082, which constituted triple the amount of her special damages at the time of the release. Although plaintiff ultimately incurred over $15,000 in medical expenses after the emergency surgery, leaving a disparity of more than $10,000 between the

settlement and her medical bills, the amount of the settlement cannot be characterized as a nominal amount. (*Cf. Florkiewicz*, 38 Ill. App. 3d 115 ($30 release for a skull fracture); *Reede*, 62 Ill. App. 2d 120 ($125 release for a back injury); *Smith v. Broscheid* (1964), 46 Ill. App. 2d 117, 196 N.E.2d 380 ($216.99 release for a back injury); *Ruggles*, 25 Ill. App. 2d 1 ($900 release for injuries for which the trial court awarded $43,000 in damages); *Clancy*, 15 Ill. App. 2d 171 ($150 release for a back injury for which the trial court awarded $22,500 in damages).) We hold that the dismissal of plaintiff's complaint was proper where the release was not predicated upon a mutual mistake of fact and where the amount of the settlement was not unconscionable.

Plaintiff correctly asserts that an affidavit cannot be challenged for the first time on appeal. However, this rule applies only to an appellant who has raised the inadequacies of the affidavit as grounds for reversal of the decision of the circuit court. An appellee may raise any ground in arguing that the decision of the circuit court should be affirmed as long as there is a factual basis in the record. *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 502, 520 N.E.2d 37.

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

McNAMARA and RAKOWSKI, JJ., concur.