**Goldie Brinker, Appellant, v. Chicago Transit Authority, Appellee.**

**Gen. No. 45,365.**

Opinion filed October 24, 1951. Released for publication November 21, 1951.

HARRINGTON & SWEITZER, of Chicago, for appellant; CHARLES D. SNEWIND, of Chicago, of counsel.

WERNER W. SCHROEDER, JAMES O. DWIGHT, JAMES K. MILLER, ARTHUR J. DONOVAN, all of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action with verdict and judgment in favor of defendant. Plaintiff has appealed and limits her contentions to those affecting the release which was pleaded in bar to the action.

The accident in which plaintiff was injured occurred on July 23, 1947. On July 25, plaintiff accompanied by her husband conferred with defendant's agent about settling the husband's claim for property damage and plaintiff's claim for personal injury. Both signed releases. Thereafter, on August 21, 1947, plaintiff sued. Defendant answered joining issue on the allegations of plaintiff's due care and defendant's negligence. Affirmatively, it alleged the execution by plaintiff of the

release of defendant from liability. Plaintiff replied, admitting execution of the release, but charging fraud in the execution. The issues under the complaint and on the affirmative defense were submitted to the jury. The jury decided the issues in favor of defendant.

Plaintiff contends that the release is void for want of consideration, and that the finding of the jury on the question of fraud is against the manifest weight of evidence.

█ The release was under seal, and the presumption is that it was executed for a valuable consideration and it cannot be attacked in this action at law for want of consideration. *Woodbury v. United States Casualty Co.*, 284 Ill. 227.

█ The question of fraud is limited to execution of the release. *Hartley v. Chicago & A. R. Co.*, 214 Ill. 78. The release recites that for a consideration of $25 "in hand paid" by defendant's predecessors, plaintiff and her husband agreed to pay attorney's fees and hospital charges, and release defendant from all claims, etc., for anything done, etc., from the beginning of the world, etc., and especially on account of the instant accident. The release also provides that plaintiff and her husband "understand and agree" that they had no further claim to anything more even if their injuries are or become different or more serious than "they now understand them to be."

The testimony in support of plaintiff's reply is that defendant's agent told plaintiff she had no case whatsoever and that she had to sign the release in order that the husband might settle the property damage claim; that the release plaintiff signed was for the property damages; that she should settle the case to save time and a lot of trouble; and that she was getting $25 for the inconvenience. Plaintiff said she signed the release thinking that she was signing a release for

the property damage; that she relied on the agent's statement that she was not signing a release for her injuries; and that she did not read the release before she signed it. The agent testified and denied making the statements attributed to him by plaintiff and her husband. He said that they both "looked over" and read the releases before signing them.

■ Deciding who to believe on what transpired was the province of the jury. In addition to the foregoing evidence, there was testimony by plaintiff and her husband that she signed the release in order to effect a property damage settlement since they needed the car to take plaintiff to the doctor for treatment. However, the husband drove plaintiff to the doctor the day after the accident, and to the agent's office the second day after the accident. The car had not then been repaired. Plaintiff, in one place in her testimony, said that when she signed the paper, she did not know what her injury was. The previous day, however, she had been to the doctor who testified that, at the time, she was bent over and suffering a great deal of pain, and plaintiff was then told she had a displaced vertebrae. Plaintiff also testified that she accepted the $25 from defendant in order to facilitate settlement of her husband's claim, and later that it was for the inconvenience defendant had caused in her "condition."

■ We think the finding of the jury on the issue of fraud in execution of the release is not against the manifest weight of evidence.

We have considered all that we believe necessary to a decision, and for the reasons given the judgment is affirmed.

*Judgment affirmed.*

LEWE and FEINBERG, JJ., concur.