**Fae Bloom, Appellant, v. Yellow Cab Company, Appellee.**

**Gen. No. 46,136.**

Opinion filed March 23, 1954. Released for publication June 2, 1954.

The Law Firm of SAUL A. EPTON, of Chicago, for appellant. SAUL A. EPTON, and ALFRED S. DRUTH, both of Chicago, of counsel.

JESMER & HARRIS, of Chicago, for appellee; JULIUS JESMER, and CHESTER L. HARRIS, both of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff brought suit in the municipal court of Chicago for personal injuries and property damage arising out of a collision between the automobile driven by plaintiff and one driven by defendant's agent. The

statement of claim contains a number of allegations of negligence. Defendant, answering, denied the charges of negligence and alleged that a release was executed and delivered by plaintiff to one Charles Wilson, Jr., driver of a third automobile involved in the collision; that Charles Wilson and defendant were joint tort-feasors and that the release by operation of law discharges defendant. Subsequently plaintiff filed a reply to defendant's defense, denying that Charles Wilson was a joint tort-feasor and alleging further that the release was executed to Wilson only for the purpose of allowing Wilson to comply with paragraph 58*l*, Chapter 95½ of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 85.064(12)], known as the "Safety Responsibility Law." On March 3, 1953, defendant made a motion for the entry of a judgment based upon its plea of release. The motion was allowed and judgment entered in favor of defendant. From that judgment order of the municipal court this appeal is taken.

 Not every person who is concerned in the commission of a tort or who is involved in an accident with others is a joint tort-feasor in the sense in which that phrase is pertinent to the issue in this case. In *McManaman v. Johns-Manville Products Corp.*, 400 Ill. 423, plaintiff, a trainman, was injured as the result of a collision between a freight car and a truck operated by an employee of defendant. One of the questions the court considered in that case was whether the defendant and the railroad were joint tort-feasors. The court held that they were not. In *Gulf, M. & O. R. Co. v. Dixon*, 343 Ill. App. 148, at p. 156, 98 N.E.2d 783, this court had occasion to consider the question of contribution between joint tort-feasors, and we held that even though the party seeking contribution was involved in

the commission of the tort, he was not a joint tort-feasor in the sense that he could be precluded from recovering from the party who was the active tort-feasor. In *DeLude v. Rimek,* 351 Ill. App. 466, this court had before it the question of whether a defendant, in order to mitigate damages, could properly introduce in evidence payments made on a covenant not to sue. We sustained the principle announced in *Aldridge v. Morris,* 337 Ill. App. 369, approved in *New York Cent. & St. L. R. Co. v. American Transit Lines, Inc.,* 408 Ill. 336, and in *Hyde v. Montgomery Ward & Co., Inc.,* 343 Ill. App. 388, and we outlined the method by which such payments should be shown to the court and applied in mitigation of damages. In that case we again referred to the fact that today many actions of negligence are predicated on little or no fault and that parties are often jointly chargeable who had no relationship with each other. The overriding principle in this group of cases is that the plaintiff is entitled to the measure of compensation allowed by law but not to more, even though it be had from others alleged to have been involved. There are exceptions to the principle not applicable to the instant case. The correlative principle is that where plaintiff has not been so compensated, as alleged in the instant case, he should not be deprived of his right to prosecute his action against one whom he charges with negligence. In this case the issue has been joined and there has, as yet, been no showing whatever that Wilson was in any way negligent or, if so, that his negligence was such as to constitute a joint tort-feasance. It is also averred that plaintiff received no consideration for his release. It is our conclusion that the question of whether Wilson and the Cab Company were joint tort-feasors and whether any consid-

eration was given for the release are issues to be determined by the court.

Judgment reversed and cause remanded for further proceedings consistent with the views herein expressed.

*Judgment reversed and cause remanded.*

ROBSON, J., concurs.

TUOHY, J., concurs in conclusion but not in all that is said in the opinion of the court.