RICHARD EARL SEXTON, Plaintiff-Appellant, *v.* SOUTHWESTERN AUTO RACING ASSOCIATION, INC., *et al.*, Defendants-Appellees.

Fifth District   No. 79-78

Opinion filed August 13, 1979.

John C. Haynes, of Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellant.

Edward H. MacCabe, of Reed, Armstrong, Gorman and Coffey, of Edwardsville, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment entered by the circuit court of Madison County granting defendant's motion to dismiss plaintiff's complaint praying for damages arising from personal injuries sustained when plaintiff fell at defendant's racetrack. We reverse.

Appellant, Richard Earl Sexton, entered the Madison County Fairgrounds Racetrack on July 2, 1977, to act as a "pitman" in the pit area of the racetrack and was engaged by a participant in a race sponsored that day by appellees Southwestern Auto Racing Association and Madison County Fair Association. Appellee Helvetia Sharpshooters of Highland, Inc., owned the racetrack. Appellant was required to pay a $3 fee to obtain a pass to gain access to the pit area on the infield of the track and was told to sign a paper before the pass would be issued. Appellant signed a form styled, "Waiver and Release From Liability and Indemnity Agreement," which allegedly released appellees from all losses and damages arising from personal injury, death or property damage suffered by appellant while in the pit area.

Appellant allegedly slipped and fell in a mud hole on the infield of the racetrack and filed suit against appellees claiming injuries as the direct and proximate result of their independent and/or concurrent negligence. Appellees filed a motion to dismiss, pleading the above-mentioned agreement as a bar to appellant's suit. Appellees filed the affidavit of Thomas Prange, treasurer of Southwestern Auto Racing Association, which stated that Prange had issued appellant a pit pass based on his signature on the agreement.

Appellant thereafter filed a memorandum in opposition to defendant's motion to dismiss, claiming that the agreement was not supported by consideration and that the agreement was void as against public policy. Appellant's memorandum also incorporated an affidavit of appellant claiming that the agreement was not explained to him, that he did not know what it was, that the written portion of the agreement containing the exculpatory language was covered by another paper when he signed on one of the numerous signature lines provided, that there was no time to read the agreement, that he did not intend to so release appellees, and that no consideration was given him for signing the instrument.

■■■ The trial court ordered appellant's complaint dismissed with prejudice and affirmed that decision after a motion to reconsider was filed. Appellant concedes that the general rule in Illinois is that exculpatory

agreements are enforceable unless voided by statute (*Erickson v. Wagon Wheel Enterprises, Inc.* (1968), 101 Ill. App. 2d 296, 301, 242 N.E.2d 622; *Owen v. Vic Tanny's Enterprises* (1964), 48 Ill. App. 2d 344, 346, 199 N.E.2d 280), the relationship between the parties precludes exculpation of liability or the enforcement of the agreement would be contrary to public policy (*Jackson v. First National Bank* (1953), 415 Ill. 453, 460, 114 N.E.2d 721; *Morrow v. Auto Championship Racing Association, Inc.*, 8 Ill. App. 3d 682, 685, 291 N.E.2d 30). Therefore, this agreement is valid, assuming its valid execution.

Appellant in his memorandum in opposition to defendant's motion to dismiss incorporated his affidavit which raised questionable circumstances relating to execution. We find that based on the Illinois Supreme Court Rules and the case law, these issues were questions of fact which should have been submitted to a jury.

Section 48(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(3)) states with regard to involuntary dismissals:

> "If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and *shall* so deny it if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time." (Emphasis added.)

We note that appellant requested a jury trial at the same time his complaint was filed, and was, therefore, timely.

■■■ This is a case at law. Appellant attacks the circumstances surrounding the execution of the agreement. Whether appellant knew or should have known that what he was signing was a release of liability was a question of fact for the jury. (*Kusturin v. Chicago & Alton R.R. Co.* (1919), 287 Ill. 306, 319, 122 N.E. 512; *Johnson v. Elgin, Joliet & Eastern Ry. Co.* (1948), 338 Ill. App. 316, 329, 87 N.E.2d 567.) Whether the agreement was signed under misrepresentation, deception, or was fraudulently induced has always been a jury question. (*Chicago City Ry. Co. v. McClain* (1904), 211 Ill. 589, 71 N.E. 1103; *Brinker v. Chicago Transit Authority* (1951), 344 Ill. App. 479, 101 N.E.2d 614.) The attendant circumstances surrounding the execution of the agreement, especially the haste involved in securing the release, are to be considered by the trier of fact. (*Florkiewicz v. Gonzalez* (1976), 38 Ill. App. 3d 115, 120-21, 347 N.E.2d 401.) And the existence or failure of consideration is also a jury question. *Bucher v. Krause* (7th Cir. 1953), 200 F.2d 576, *cert. denied* (1953), 345 U.S. 997, 97 L. Ed. 1404, 73 S. Ct. 1141; *Bloom v. Yellow Cab Co.* (1954), 2 Ill. App. 2d 224, 119 N.E.2d 455.

All of these matters are material facts and are disputed by the parties. Contrary to appellees' contention, the circumstances surrounding the execution of the release, including the issues of bargaining power, fraud and misrepresentation were raised in appellant's memorandum and affidavit. The affidavit contained facts admissible in evidence. These are material facts because a jury should have considered them in determining whether the release was valid, not the trial judge. Finally, since these issues are submissible to a jury, evidence relating to them does not violate the parol evidence rule as appellees suggest.

By granting appellees' motion to dismiss, the trial court committed reversible error. These are material and genuine issues of fact which are in dispute and which should be resolved by a jury. Therefore, the judgment of the circuit court of Madison County dismissing appellant's complaint is reversed.

Judgment reversed.

JONES, P. J., and KASSERMAN, J., concur.