LORI RADLOFF, Plaintiff-Appellant, v. THE VILLAGE OF WEST DUNDEE, Defendant-Appellee.

Second District   No. 85—0458

Opinion filed January 17, 1986.

Loren S. Golden, of Schwarz & Golden, Ltd., of West Dundee, for appellant.

Douglas C. Crone, of Tribler & Marwedel, P.C., of Chicago, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

Plaintiff, Lori Radloff, appeals from an order of the trial court which granted the motion of defendant, the village of West Dundee, to dismiss plaintiff's complaint. We affirm.

Plaintiff's complaint against defendant arose from personal injuries she sustained in June 1984 while taking a physical aptitude test to become a police officer for the village. As part of the test, plaintiff attempted to scale a seven-foot barricade when she slid on the wet grass surrounding the barricade and injured herself. The complaint alleged that the village should have conducted the test indoors because of the rainy condition, that it should have properly supervised the test, and that it failed to warn plaintiff of the dangerous condition.

The village's motion to dismiss the complaint is premised upon the release of liability plaintiff signed prior to the test. The release states in relevant part:

"[I]n consideration of said Village arranging for the administration of said test and The Bureau of Testing Services, administeering [sic] the same, the undersigned knowingly, freely and voluntarily releases, remises and discharges The Bureau of Testing Services, its officers, agents and representatives, the Village of West Dundee, Illinois, ***, their officers, servants, agents and employees from any and all liability, claims, causes of action and damages for any personal injury, losses or damages to the undersigned caused by, or arising out of, the administration or taking of said physical aptitude test."

The trial court granted the village's motion to dismiss, and the plaintiff appealed.

Plaintiff's position on appeal is that the release is invalid because it is against the public policy of the State or, in the alternative, because the social relationship of the parties militates against it. Plaintiff cites a single case in support of both arguments—*W.H. Lyman Construction Co. v. Village of Gurnee* (1980), 84 Ill. App. 3d 28. The relevant language which plaintiff cites from *Lyman* is:

"Exculpatory clauses designed to relieve the party from his own or his servant's negligence or liability for damages are generally valid and will be enforced unless:

'(1) it would be against the settled public policy of the State

to do so, or (2) there is something in the social relationship of the parties militating against upholding the agreement.' *Jackson v. First National Bank* (1953), 415 Ill. 453, 460." 84 Ill. App. 3d 28, 38.

Plaintiff's first argument is that the release is against the public policy of the State, since the statute which provides for the examination of municipal police department applicants (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—6) does not expressly provide for releases or waivers of liability. She maintains that since the legislature sanctioned a practical test to be given to all applicants without mentioning that releases of liability could be signed by the applicants, then this legislative silence must be construed as a prohibition of releases as against the public policy of Illinois. Plaintiff cites no authority directly in support of this argument.

■ We cannot accept this argument. The fact that the statute is silent as to releases of liability does not mean that such releases are prohibited. Such silence does not even create an ambiguity in the statute which would require its interpretation. Rules of construction are used only for the purpose of resolving ambiguities. (*Acme Brick & Supply Co. v. Department of Revenue* (1985), 133 Ill. App. 3d 757, 763.) In any event, the plain and obvious meaning of a statute may not be enlarged or restricted. (See *Berwyn Lumber Co. v. Korshak* (1966), 34 Ill. 2d 320, 323.) We conclude that the statute in no way prohibits releases of liability as against public policy.

■ Plaintiff's second argument is that the release should be declared void because the social relationship of the parties militates against it. Her position is that asking applicants to sign a release would have a chilling effect on the number and quality of applicants testing for the police department, which would thereby impair the quality of police protection in the municipality. Thus, she argues, inferior police protection is an element in the social relationship of the parties militating against the upholding of the release.

We are not persuaded by this argument. Plaintiff cites no specific authority in support of her position, which is actually another public policy argument. Moreover, if the statute were construed as plaintiff suggests, the effect might, in fact, be more chilling to the obtaining of qualified officers. A result of such a construction could well result in less frequent testing or tests that are so simple as to be worthless in screening physical ability.

We conclude that the language of the release is unambiguous in its intent to insulate the village from liability and that the release should not be invalidated for the public policy reasons set forth by

plaintiff. (*Cf. Poskozim v. Monnacep* (1985), 131 Ill. App. 3d 446, 449.) Accordingly, the order of the trial court dismissing the complaint is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.