Plaintiff, Angela White, appeals the dismissal of her negligence action as barred by an exculpatory agreement that she signed. The sole issue presented for review is whether the exculpatory agreement relieved defendants of liability.
Plaintiff's amended complaint against defendants arose from personal injuries she sustained in June 1990 while taking a physical agility test to become a firefighter/paramedic for the Homewood fire department. While traversing horizontal bars as part of the test, plaintiff fell and was injured. Count II of the amended complaint, the only count relevant to this appeal, alleged that defendants were negligent in administering the test.
Defendants moved to dismiss the negligence count pursuant to section 2-619 of the Civil Practice Law (735 ILCS 5/2-619 (West 1992)), asserting that the exculpatory agreement signed by plaintiff before taking the test released them from liability. The exculpatory agreement, attached as an exhibit, stated: *Page 356 
"AGILITY TEST
RELEASE OF ALL LIABILITIES
 The undersigned, for good and valuable considerations, hereby releases, remises and discharges the Village of Homewood, a Municipal Corporation, its officers, servants, agents and employees of and from any and all claims, demands, and liabilities to me and on account of any and all injuries, losses and damages, to my person that shall have been caused, or may, at any time, arise as a result of a certain Fire Examination Agility Test conducted by the Board of Fire and Police Commissioners of said Village of Homewood, the intention hereof being to completely, absolutely, and finally release said Village of Homewood, and its officers, servants, agents and employees of and from any and all liability arising wholly or partially from the cause aforesaid."
Plaintiff filed a response in which she admitted signing the exculpatory agreement before taking the test, but stated she only did so to obtain employment. She maintained that the exculpatory agreement is unenforceable.
The circuit court granted defendants' motion and dismissed with prejudice the ordinary negligence count. Plaintiff appeals.
Plaintiff contends that the exculpatory agreement is unenforceable because it lacks consideration and violates public policy. She seeks reinstatement of her ordinary negligence count.
Under certain circumstances exculpatory contracts may act as a total bar to a plaintiff's negligence claim. (Harris v.Walker (1988), 119 Ill.2d 542, 548, 519 N.E.2d 917.) This is because public policy strongly favors the freedom to contract.Harris, 119 Ill.2d at 548, quoting McClure EngineeringAssociates, Inc. v. Reuben H Donnelley Corp. (1983), 95 Ill.2d 68, 72, 447 N.E.2d 400; see W. Keeton, Prosser Keeton on Torts § 68, at 482 (5th ed. 1984).
To be efficacious in a court of law, however, a release must be based upon consideration. (Toffenetti v. Mellor (1926), 323 Ill. 143, 148,153 N.E. 744; United States Fidelity Guaranty Co. v. Klein Corp. (1989),190 Ill. App.3d 250, 257, 546 N.E.2d 681; American NationalBank v. Warner (1984), 127 Ill. App.3d 203, 208, 468 N.E.2d 184. But see Aqua-Aerobic Systems,Inc. v. Ravitts (1988), 166 Ill. App.3d 168, 172,520 N.E.2d 67.) The same rules apply to an exculpatory agreement. (SeeSexton v. Southwestern Auto Racing Association, Inc. (1979),75 Ill. App.3d 338, 340, 394 N.E.2d 49; Schlessman v. Henson
(1980), 80 Ill. App.3d 1139, 1142, 400 N.E.2d 1039, aff'd
(1980), 83 Ill.2d 82, 413 N.E.2d 1252. But see Restatement (Second) of Torts § 496B, Comment a, at 565 (1965).) Valuable consideration for a contract consists either of some right, interest, *Page 357 
profit or benefit accruing to one party, or some forbearance, detriment, loss of responsibility given, suffered or undertaken by the other. (De Fontaine v. Passalino (1991), 222 Ill. App.3d 1018, 1028, 584 N.E.2d 933.) The preexisting duty rule provides that where a party does what it is already legally obligated to do, there is no consideration as there is no detriment. (American National Bank v. Warner (1984), 127 Ill. App.3d 203, 208, 468 N.E.2d 184; Garber v. Harris Trust Savings Bank
(1982), 104 Ill. App.3d 675, 684, 432 N.E.2d 1309, quotingBoard of Education of Villa Grove Township High School DistrictNo. 231 v. Barracks (1924), 235 Ill. App. 35; Hoffa v.Fitzsimmons (D.C. Cir. 1982), 673 F.2d 1345, 1359; Hyatt v.Hyatt (1979), 273 Pa. Super. 435, 439, 417 A.2d 726, 728.) For example, where a guest was by statute entitled to use a hotel safe to store valuables, a promise by the guest to limit the liability of the hotel in exchange for using the safe is not supported by consideration because of the preexisting duty rule. Goncalves v. Regent International Hotels, Ltd. (1983), 58 N.Y.2d 206, 220-21, 447 N.E.2d 693, 700, 460 N.Y.S.2d 750, 758.
Defendants maintain that, in consideration of the exculpatory agreement, they administered the physical agility test and allowed plaintiff to participate. Analysis reveals, however, that defendants gave no consideration for the exculpatory agreement. According to the Illinois Municipal Code, defendants were required by law to administer the physical agility test, and plaintiff had a legal right to participate. (65 ILCS 5/10-2.1-6 (West 1992).) Consideration cannot flow from an act performed pursuant to a preexisting legal duty. As a result, the exculpatory agreement is unenforceable as a matter of law.
We reject defendants' claim that Radloff v. Village of WestDundee (1986), 140 Ill. App.3d 338, 489 N.E.2d 356, controls this issue. There, plaintiff signed an exculpatory agreement before taking a physical aptitude test to become a village police officer. (Radloff, 140 Ill. App.3d at 339.) The release specifically stated that it was in "consideration of said Village arranging for the administration of said test." (Radloff, 140 Ill. App.3d at 339.) While scaling a seven-foot barricade during the test, plaintiff injured herself. (Radloff,
140 Ill. App.3d at 339.) The circuit court dismissed plaintiff's cause of action, finding that the exculpatory agreement she signed relieved the village of liability. (Radloff, 140 Ill. App.3d at 339.) The appellate court affirmed, saying it was unpersuaded by the public policy arguments set forth by plaintiff. (Radloff, 140 Ill. App.3d at 340-41.) Defendants aver that the consideration contemplated by the release in Radloff is the same as the consideration contemplated in the *Page 358 
instant case: administration of the physical agility test, and the benefit to plaintiff of participating therein. Defendants fail to note that the issue of lack of consideration never was raised in Radloff. Consequently, Radloff provides no precedent for the case sub judice.
Defendants correctly point out that, generally, courts will not inquire into the sufficiency of consideration to support a contract between two parties. (Ahern v. Knecht (1990), 202 Ill. App.3d 709, 715, 563 N.E.2d 787.) As long as the agreement is bargained for, and the amount of consideration is not so grossly inadequate as to shock the conscience of the court, the adequacy of the consideration will not be challenged. (See Adams v. Lockformer Co.
(1988), 167 Ill. App.3d 93, 520 N.E.2d 1177; HamerHolding Group, Inc. v. Elmore (1990), 202 Ill. App.3d 994, 1009, 560 N.E.2d 907.) Here, however, adequacy is not the issue for absolutely no consideration flowed between the parties. Defendants' cited authority is irrelevant to the disposition of this case.
In the alternative, plaintiff argues that the exculpatory agreement is unenforceable because it involves a matter of public concern and defendants were in a dominant position, relying on two cases. In the first, Campbell v. Chicago, RockIsland Pacific Ry. Co. (1910), 243 Ill. 620, 90 N.E. 1106, the court held unenforceable an exculpatory clause between an employer and employee: "Public policy will not permit the master by contract with his servant to relieve himself from liability for injuries occasioned by his own negligence * * *." (Campbell, 243 Ill. at 625.) In the second, Parkhill Truck Co.v. State of Illinois (1965), 25 Ill. Ct. Cl. 172, the Court of Claims held unenforceable an exculpatory clause between the State and a truck driver; the clause was contained in a permit issued by the State granting the truck driver the right to travel across State highways, and it relieved the State from its own negligence. The court held the exculpatory clause violative of public policy as it involved a matter of public concern and the State was in a dominant position. ParkhillTruck Co., 25 Ill. Ct. Cl. at 175.
The general rule is to enforce exculpatory agreements unless (1) it would be against settled public policy of the State to do so, or (2) there is something in the social relationship of the parties militating against upholding the agreement. (Harris, 119 Ill.2d at 548, quoting Jackson v. FirstNational Bank (1953), 415 Ill. 453, 460, 114 N.E.2d 721.) Exculpatory agreements that are contrary to public policy include those (1) between an employer and employee; (2) between the public and those charged with a duty of public service, such as involving a common carrier, an innkeeper, a public warehouseman or a public utility; and (3) between parties where there is such a *Page 359 
disparity of bargaining power that the agreement does not represent a free choice on the part of the plaintiff, such as a monopoly or involving a plaintiff without a reasonable alternative. Restatement (Second) of Torts § 496B, Comments e
through j, at 567-69 (1965).
The exculpatory agreement signed in this case is against public policy; the social relationship of the parties militates against upholding the agreement. (See Harris, 119 Ill.2d at 548.) The disparity of bargaining power here was such that the exculpatory agreement was not plaintiff's free choice. She was required to sign the exculpatory agreement in order to complete her job application for the position of village firefighter/paramedic. This requirement put her, as a job applicant, at the mercy of her potential employer's negligence, no matter how great. Defendants contend that plaintiff freely chose to apply for the position; that they did not have a monopoly on the job market, as plaintiff could apply elsewhere; and, therefore, that plaintiff had reasonable alternatives than to sign the exculpatory agreement. These arguments ignore the economic compulsion facing those in search of employment. To suppose that plaintiff here had any bargaining power whatsoever defies reality. Had plaintiff refused to sign the exculpatory agreement, she would not have been allowed to participate in the physical agility test and, consequently, could not have qualified for the position. Defendants do not contend otherwise. Indeed, they admit in their brief that "[h]ad [plaintiff] not signed the release, [she] would not have received the benefit of participating in the test." We find this result unconscionable and will not enforce this exculpatory agreement. See also Etu v. Fairleigh DickinsonUniversity West Indies Laboratory, Inc. (D.V.I. 1986),635 F. Supp. 290; Wagenblast v. Odessa School District No.105-157-166J (1988), 110 Wn.2d 845, 758 P.2d 968.
Additionally, we note that the relationship between defendants and plaintiff, as potential employer and job applicant, is akin to the relationship between an employer and employee. As earlier noted, exculpatory agreements between an employer and employee that relieve an employer from liability for the employer's own negligence have long been found contrary to public policy. (Campbell, 243 Ill. at 625; Restatement (Second) of Torts § 496B, Comment f, at 567 (1965).) Our decision is merely an extension of this policy.
Defendants' attempt to distinguish this case fromParkhill Truck Co. (25 Ill. Ct. Cl. 172) fails. Defendants claim that Parkhill Truck Co. involved a disparity of bargaining power between the parties as the "necessity of the truck driver to operate on State highways in order to conduct his business causes the truck driver to be under an economic compulsion to execute the exculpatory agreement." The economic *Page 360 
compulsion in the present case is at least as great as that inParkhill Truck Co. Additionally, this case involves a matter of public concern, as did Parkhill Truck Co.
Also unpersuasive is defendants' claim that Radloff (140 Ill. App.3d 338,489 N.E.2d 356) is controlling. There, the court rejected the two public policy arguments set forth by plaintiff: that the use of releases was prohibited because the statute providing for the testing of police department applicants was silent on the matter; and that the use of releases would have a chilling effect on the number and quality of applicants testing for the police department, which would thereby impair the quality of the force. (Radloff, 140 Ill. App.3d at 340-41.) These are not the same public policy arguments set forth here. Radloff is not dispositive of this case.
For the reasons set forth above, we reverse the dismissal and remand to the circuit court with instructions to reinstate the ordinary negligence count of plaintiffs complaint.
Reversed and remanded with instructions.
McCORMICK, P.J., and SCARIANO, J., concur.