Fourth Division
June 10, 2010

No. 1-08-3371

| | | |
|---|---|---|
| SHELLE HAMER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 07 L 6439 |
| | ) | |
| CITY SEGWAY TOURS OF CHICAGO, LLC, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE NEVILLE delivered the opinion of the court:

Plaintiff, Shelle Hamer, filed a complaint to recover for injuries she suffered on a tour run by defendant, City Segway Tours of Chicago (CST). The trial court granted CST's motion for summary judgment based upon a release Hamer signed before participating in the tour. Because we find the release enforceable, we affirm.

## BACKGROUND

Hamer arranged to take her son on a tour of downtown Chicago on March 30, 2007. She signed up with CST. CST conducts tours and its participants ride Segway Human Transporters, called "Segways." Each participant rides a separate Segway. CST's tour guide taught the tour participants how to use the Segways. All tour participants signed releases which provided:

"*I do hereby *** release *** the CST Indemnitees from any and all losses, claims, suits, causes of action, etc. for *** personal injuries *** I may have, suffer

or sustain while riding or operating the Segway, whether arising from my own acts, actions, activities and/or omissions or those of others, except only those arising solely from the gross negligence of the CST Indemnitees.

*** *I understand and acknowledge that this *** release will apply even in circumstances where a CST Indemnitee may be *** released and absolved from the consequences of their own negligence.*

I *** understand that riding a Segway will *** expose me to various hazards and risks, including, among others, *** dangers arising from irregular road and pavement surfaces, *** which present a risk of injury, including *** the risk that I could fall and *** suffer contusions, lacerations, sprains, fractures, and other, potentially more serious, injuries." (Emphasis in original.)

According to the release, the "CST Indemnitees" include all CST employees, including its officers and tour guides.

During the tour, Hamer rode her Segway onto a small grassy hill. On her way up the hill, the Segway threw her off. She sustained injuries which prevented her from working for four months. Hamer sued CST. She alleged in her complaint that CST negligently permitted her to operate her Segway in a dangerous location, without properly instructing her about the danger. She alleged that CST's negligence caused her to fall off her Segway.

In her deposition, Hamer admitted that she read and understood the release before she signed it. She testified that the tour guide encouraged her to ride the Segway up the hill. The guide in his deposition swore he said nothing of the sort. An officer of CST said CST had an unwritten policy

of instructing tour participants to stay on the pavement. The officer agreed "[i]t would be totally reckless" for the guide to suggest that a novice Segway user ride up a hill.

CST moved for summary judgment based on the release. In her response, Hamer asked for leave to amend the complaint to state a cause of action for wilful and wanton misconduct. The court granted CST's motion for summary judgment but denied Hamer's motion for leave to amend, finding that the evidence could not support a finding of wilful and wanton misconduct. Hamer now appeals.

ANALYSIS

In order to decide this case, we must review a release, which is a contract, and the construction, interpretation or legal effect of a contract is a matter to be decided by the court as a question of law. Avery v. State Farm Mutual Automobile Insurance Co., 216 Ill. 2d 100, 129 (2005). We review orders granting motions for summary judgments *de novo*, strictly construing the pleadings and depositions against the movant. Avery, 216 Ill. 2d at 129; Williams v. Manchester, 228 Ill. 2d 404, 417 (2008). The trial court should not grant a motion for summary judgment if the parties dispute any material facts. Williams, 228 Ill. 2d at 417.

The trial court here found the exculpatory clause in the release enforceable. Illinois law does not favor exculpatory clauses. Scott & Fetzer Co. v. Montgomery Ward & Co., 112 Ill. 2d 378, 395 (1986). Courts construe the clauses strictly against the parties they benefit. Scott & Fetzer, 112 Ill. 2d at 395. "Such clauses must spell out the intention of the parties with great particularity and will not be construed to defeat a claim which is not explicitly covered by their terms." Scott & Fetzer, 112 Ill. 2d at 395. However, if the clauses clearly apply, courts will generally enforce them, "unless

(1) it would be against a settled public policy of the State to do so, or (2) there is something in the social relationship of the parties militating against upholding the agreement." Jackson v. First National Bank of Lake Forest, 415 Ill. 453, 460 (1953).

Hamer argues that the clause in this case lacks the requisite clarity. Illinois courts have explained the tests a court should use to determine whether an exculpatory agreement applies as follows:

> "An exculpatory agreement must contain clear, explicit, and unequivocal language referencing the type of activity, circumstance, or situation that it encompasses and for which the plaintiff agrees to relieve the defendant from a duty of care. [Citation.] However, the parties need not have contemplated the precise occurrence which results in injury. [Citation.] The injury must only fall within the scope of possible dangers ordinarily accompanying the activity and, therefore, reasonably contemplated by the parties." Evans v. Lima Lima Flight Team, Inc., 373 Ill. App. 3d 407, 414-15 (2007).

In the release, Hamer accepted the risk that she could fall; in her complaint she alleged that she fell. In the release, she accepted the risks of riding on irregular roads and pavement surfaces; in her deposition she admitted that she rode on an unpaved, irregular surface. In the release, she accepted the risk of personal injury caused by the actions of others, excepting only gross negligence by CST employees; in her complaint she alleged that the injury resulted from CST's acts of ordinary negligence. We find that the release clearly applies to the occurrences complained about in Hamer's complaint as well as those described in her deposition.

Next, Hamer contends that her social relationship with CST and its tour guide should lead the court to find the release unenforceable. Special relationships that make exculpatory clauses unenforceable include "those (1) between an employer and employee; (2) between the public and those charged with a duty of public service, such as involving a common carrier, an innkeeper, a public warehouseman or a public utility; and (3) between parties where there is such a disparity of bargaining power that the agreement does not represent a free choice on the part of the plaintiff, such as a monopoly or involving a plaintiff without a reasonable alternative." White v. Village of Homewood, 256 Ill. App. 3d 354, 358-59 (1993). Hamer was not an employee of CST, and CST was not a common carrier, an innkeeper, or a public utility charged with a duty of public service. Moreover, there was no disparity of bargaining power because if Hamer disagreed with the exculpatory clause, she could simply refuse to join the tour. See Harris v. Walker, 119 Ill. 2d 542, 550 (1998). The instruction given to Hamer did not create a relationship that would overcome the exculpatory language of the release. See Harris, 119 Ill. 2d at 548.

Finally, Hamer asks us to reverse so that she can amend her complaint to state a cause of action for wilful and wanton misconduct. Hamer has not included a proposed amended complaint in the record on appeal. Our supreme court held in Kirk v. Michael Reese Hospital & Medical Center, 117 Ill. 2d 507, 521 (1987), that "[t]he plaintiff's proposed amended complaint does not appear in the record; the plaintiff's failure to make it a part of the record waives his right to have this court review the trial court's denial of his motion." Accordingly, by failing to include the amended complaint in the record on appeal, Hamer has forfeited her right to have this court review the trial court's denial of her motion for leave to amend her complaint. Kirk, 117 Ill. 2d at 521.

CONCLUSION

In conclusion, we find that the release covers the alleged occurrence complained about in the complaint with sufficient particularity. We further find that no special relationship between Hamer and CST prevents this court from enforcing the release. Hamer has not included in the record an amended complaint which states a claim for wilful and wanton misconduct. Accordingly, we hold that the trial court did not err when it granted CST's motion for summary judgment and denied Hamer's motion to amend her complaint.

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.